UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO MCQUARTERS,<br>Plaintiff,<br>v.<br>GIOVANNA BORGNA, et al.,<br>Defendants. | Case No. 22-cv-03679-TSH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 19 |

## I. INTRODUCTION

In this 42 U.S.C. § 1983 excessive force case, Plaintiff Orlando McQuarters moves pursuant to Federal Rule of Civil Procedure 15 to amend his complaint to name additional defendants and add causes of action. ECF No. 19. Defendant Oakland Police Officer Giovana Borgna filed a statement of non-opposition. ECF No. 22. The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 12, 2023 hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[1]

## II. BACKGROUND

On December 26, 2019, McQuarters was sitting across the street from the West Oakland Health Center at 7450 International Boulevard, Oakland, California, when Borgna and another officer drove alongside him. Compl. ¶¶ 6-7, ECF No. 1. McQuarters got on his bike and rode toward his friend's house. *Id.* ¶ 8. Without provocation, Borgna struck McQuarters in the side of his body with a police car. *Id.* The impact caused McQuarters to ride his bike into a parked car

---

[1] The existing parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 10, 11.

1   and flip over. *Id.* One of the officers ran up to grab McQuarters, who immediately told the
2   officers that his back was hurting. *Id.* ¶ 9. One of the officers told McQuarters that he fit the
3   description of a suspect they were looking for, after which the officers briefly interrogated him and
4   determined he was not the suspect. *Id.* ¶ 10. The officers nevertheless handcuffed McQuarters,
5   placed him in the back of the police car, took pictures of him, and transported him to Highland
6   Hospital. *Id.* ¶ 11. Oakland Police Officer Sotto arrived at the hospital to inform Plaintiff that he
7   was free to go and that he would be reporting the incident to Internal Affairs. *Id.* ¶ 12.

McQuarters filed this case against Borgna on June 22, 2022, alleging an excessive force claim under 42 U.S.C. § 1983 and a claim for false arrest. *Id.* ¶¶ 13-28. On September 15 the Court issued a case management order, setting a deadline of December 23, 2022 to seek leave to amend pleadings. ECF No. 12. McQuarters filed the present motion on December 11, seeking to name Oakland Police Officers Scott Lamphiear, James Yamashita, and Alexander Molina as defendants involved in the incident, and to add factual allegations related to their actions. McQuarters also seeks to bring a *Monell* claim against the City of Oakland.

### III.   LEGAL STANDARD

Under Rule 15(a)(1), a party may amend its original pleading once as a matter of course within 21 days of serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Bad Faith and Undue Delay

As to the first two factors, the Court finds the proposed amendment is not sought in bad faith or with a dilatory motive. As to the first, bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). As to the second, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-89 (9th Cir. 1990) (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant"). A moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson*, 902 F.2d at 1388.

Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.* "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "At some point, . . . a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be considered." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation marks omitted).

Here, there is no evidence of bad faith as McQuarters seeks to add defendants whose identities were unknown at the time he filed his complaint. Whether the moving party knew or

1  should have known the facts and theories raised in the proposed amendment at the time it filed its

2  original pleadings is a relevant consideration in assessing untimeliness. *Jackson*, 902 F.2d at

3  1388. There is no indication McQuarters knew or should have known all four officers' identities.

4  There is also no indication McQuarters delayed in seeking leave to amend. The Court issued a

5  case management order only three months ago, and he brought this motion within the time

6  allowed to move to amend.

### B.    Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). Here, Defendant has not made any showing of prejudice and states that she does not oppose the motion. The Court also notes that several months remain for the parties to conduct additional discovery and no other case management deadlines will be affected. *Compare Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (citing *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)). This factor also favors amendment.

### C.    Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182. The standard to be applied is identical to that on a motion to dismiss for failure

to state a claim under Rule 12(b)(6). *Miller*, 845 F.2d at 214.

To satisfy the 12(b)(6) pleading standard, a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted) (quotation marks omitted).

A claim under 42 U.S.C. § 1983 requires a claimant prove (1) that a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). In his proposed amended complaint, McQuarters alleges Officers Lamphiear, Yamashita and Molina participated in the same incident as Officer Borgna that deprived him of his constitutional rights. ECF No. 19-1. Thus, leave to amend this claim would not be futile.

In his proposed *Monell* claim, McQuarters makes the following allegations:

> 50. Plaintiff is informed and believes that City of Oakland has failed to train and supervise its officers regarding when and under what circumstances (if any) police officers can use their patrol vehicles to "channel" or alter the path of subjects on bicycles properly to ensure Oakland Police officers conduct their actions in accordance with state and federal law.
>
> 51. That such training is necessary because using a vehicle to alter the path of a bicyclist may endanger the bicyclist, the officer(s) in the vehicle and/or uninvolved pedestrians or motorists.
>
> 52. That the City of Oakland does not have any policies or trainings outlining when and under what circumstances (if any) police officers can use their patrol vehicles to "channel" or alter the path of subjects on bicycles.
>
> 53. That the City of Oakland acted with deliberate indifference in failing to properly train its officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

ECF No. 19-1.

A local government "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To state a failure to train claim, a plaintiff must show "(1) he was deprived of a constitutional right, (2) the City had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact, and (3) his constitutional injury would have been avoided had the City properly trained those officers." *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (alterations in original) (internal quotation marks omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).

Here, the allegations concern a single incident involving McQuarters, but the proposed *Monell* claim includes allegations that the City of Oakland has a custom or policy in which it fails to train and supervise its officers regarding when and under what circumstances police officers can use their patrol vehicles to "channel" or alter the path of subjects on bicycles. "Although a single incident is ultimately insufficient to establish liability, a plaintiff can survive a motion to dismiss by stating a plausible *Monell* claim based on failure to train, so long as the allegations apply to all individuals that are trained using the policy at issue." *Valentine v. City of Concord*, 2016 WL 2851661, at *6 (N.D. Cal. May 16, 2016). The Court finds McQuarters meets these requirements. Further, McQuarters alleges the City of Oakland's improper training created a deliberate indifference in all who trained under the policy. Accordingly, the Court finds McQuarters has stated a claim to relief that is plausible on its face.

D.     **Previous Amendments**

As McQuarters has not previously sought leave to amend, this factor weighs in his favor. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (courts have broader discretion

in denying motions for leave to amend after leave to amend has already been granted) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

### V. CONCLUSION

Based on the analysis above, the Court **GRANTS** McQuarters' motion to amend. Plaintiff shall file the amended complaint as a separate docket entry by January 4, 2023.

**IT IS SO ORDERED.**

Dated: December 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge